UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STONECREST INCOME AND
OPPORTUNITY FUND-I, LLC,

    Plaintiff,

v.                                            Case No.  8:13-cv-2009-T-30EAJ

DEBORAH HICKS,

    Defendant.
_____/

## ORDER

THIS CAUSE is before the Court on the Defendant Deborah Hicks' Motion to Dismiss (Dkt. #9) and the Plaintiff Stonecrest Income and Opportunity Fund-I, LLC's ("Stonecrest") Response (Dkt. #11).  Upon review, the Court concludes that the Defendant's Motion to Dismiss should be denied.

## Discussion

Stonecrest, holder of a note and mortgage alleged to be in default, brought this diversity action against mortgagor Hicks seeking foreclosure.  Hicks now requests that this Court dismiss the action under the doctrine established in *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943).

This Court begins with the understanding that federal courts have a "virtually unflagging obligation" to exercise their jurisdiction. *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976).  The question is, then, whether a routine

mortgage foreclosure falls into the "extraordinary and narrow exception" where federal courts will refrain from adjudicating the controversy properly before it. *Id.* at 813. The purpose of the *Burford* abstention doctrine is to protect complex state administrative processes from undue federal interference. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 362 (1989). The Supreme Court has provided the following explanation of *Burford* Abstention:

> Where timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar; or (2) where the exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.

*New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 361 (1989).

This Court notices that adequate state review of this controversy is available and turns its attention to whether the facts of the case at bar fall within either prong the Supreme Court has set forth. The critical part of the Supreme Court's *Burford* abstention doctrine is deciding whether this result transcends the case at bar or whether hearing this case will be disruptive of state efforts to establish coherent policy.

The Defendant argues that foreclosure is a matter of great concern for Florida (Dkt. #9, P. 3). State courts have recently required mandatory mediation and some counties have even created separate divisions to deal with the volume of foreclosures

2

(Dkt. #9, P. 3).  The Defendant makes no argument of how the result of this single foreclosure action will disrupt Florida's efforts to establish coherent policy.  There is also no mention of how the result in this case transcends the parties involved.  The Defendant's view of *Burford* abstention, rather than being a narrow exception, would eviscerate federal court's diversity jurisdiction.

The Defendant has not shown that this case meets the extraordinary and narrow exception where federal courts will decline to adjudicate cases properly before it.  Accordingly, the Defendant's Motion to Dismiss will be denied.

Accordingly, for the foregoing reasons, it is hereby

ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss (Dkt. #9) is DENIED.

DONE AND ORDERED in Tampa, Florida, on this 28th day of October, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cv-2009 mtd 9.docx